UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60059-CIV-DIMITROULEAS

LESLIE GANNON,
on behalf of herself and all others
similarly situated,

    Plaintiff,

vs.

PATRICK S. FLOOD,

    Defendant.
_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER
## AND TO STAY DISCOVERY

THIS CAUSE is before the Court upon Defendant's Motion for Protective Order and to Stay Discovery, filed herein on March 21, 2008. [DE-27]. The Court has carefully considered the Motion, notes Defendant indicates Plaintiff opposes the Motion, and is otherwise fully advised in the premises.

In the instant Motion, Defendant seeks a stay of discovery pending the resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [DE-12]. Defendant cites to Chudasama v. Mazda Motor Corporation, for the proposition that discovery should not commence until the pending motion to dismiss is resolved. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (citing Mitchell v. Duval County Sch. Bd., 107 F.3d 837, 838 n. 1 (11th Cir. 19997)). However, Chudasama v. Mazda Motor Corporation involved an instance in which the district court had unduly delayed in deciding a motion to dismiss, which had been fully briefed, and motions objecting to discovery. Chudasama, 123 F.3d at 1358-60. The motion to dismiss was pending for over year and a half. Id. at 1360. Furthermore, the claim

involved was a fraud claim and would expand the scope of discovery if allowed to continue. Id. at 1360. The discovery requests were overly broad, vague, and "plaintiffs asked for almost every tangible piece of information or property possessed by the defendants, and the defendants offered next to nothing and took several steps to delay discovery." Id. at 1357-58. Therefore, the Eleventh Circuit found "the district court's decision to compel discovery . . . was an abuse of discretion." Id. at 1366. The Court emphasized the mismanagement by the district court and the "[f]ailure to consider and rule on significant pretrial motions . . . ." Id. at 1367. The Eleventh Circuit's primary concern in Chudasama was with the district court's delay and prolonging of the parties' discovery and costs unnecessarily. Id. at 1368 (indicating that "delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs."). This does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss. See In re Winn Dixie Stores, 2007 U.S. Dist. LEXIS 47014, at *5 (M.D. Fla. June 28, 2007); S.K.Y. Mgmt. L.L.C. v. Greenshoe, Ltd., 2007 U.S. Dist. LEXIS 5109, at *3 (S.D. Fla. Jan. 24, 2007).

In the instant action, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction became ripe on March 7, 2008.[1] This Court has not delayed in adjudicating the Motion to Dismiss and thus unnecessarily prolonged discovery. Discovery has only just begun, with the instant action having been filed on September 7, 2007. Discovery cutoff is July 18, 2008. (Trialset Order of October 3, 2007, DE-13). Thus, the instant action is not comparable to the

---

[1] Defendant filed his Motion to Dismiss on February 11, 2008. [DE-12]. Plaintiff filed a Response on February 26, 2008. [DE-14]. Defendant then filed his Reply on March 7, 2008 [DE-18].

findings in Chudasama and a stay of discovery is not warranted.  The Court further does not find Defendant's arguments based on Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) to dictate a different result.  Twombly's discussion of the expenses of litigation was centered on allowing a claim "just shy of a plausible entitlement to relief" to proceed through discovery.  Twombly, 127 S. Ct. at 1967.  In contrast, Defendant here is not arguing as to the sufficiency of the complaint, but rather the lack of personal jurisdiction and extensive, expensive discovery has not yet proceeded and likely will not have proceeded very far by the time the Court issues a ruling.  District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines.  See Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001); Chudasama, 123 F.3d at 1366.  Defendants have failed to demonstrate that discovery should be stayed pending the resolution of the Motion to Dismiss.  The Court notes Defendant's arguments that this Court lacks personal jurisdiction over him and a ruling on that Motion shall be issued forthwith.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Protective Order and to Stay Discovery [DE-27] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of March, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Rosenbaum
Matthew A. Boyd, Esq.
Lynette W. McNeil, Esq.
William Clineburg, Jr., Eq.
Joseph G. Santoro, Esq.
Marshall A. Adams, Esq.
E. Nannette, Piccolo, Esq.
Bernard M. Cassidy, Esq.