UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60059-CIV-DIMITROULEAS

LESLIE GANNON,
on behalf of herself and all others
similarly situated,

       Plaintiff,

vs.

PATRICK S. FLOOD,

       Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS; CLOSING CASE

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss for Lack of

Personal Jurisdiction, filed herein on February 11, 2008. [DE-12]. The Court has carefully

considered the Motion, Plaintiff's Response [DE-14], Defendant's Reply [DE-18], the supporting

affidavits of both parties, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff filed the above-styled action on January 17, 2008, seeking unpaid overtime

compensation under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 216(b). Plaintiff

Leslie Gannon ("Gannon"), a Broward County resident, worked as a loan officer for HomeBanc

Mortgage Corporation ("HomeBanc") from September 1994 through June 2007. Defendant

Patrick S. Flood ("Flood"), a resident of Georgia, was the President and Chief Executive Officer

of HomeBanc from May 2000 through January 2007. According to the Complaint, Flood hired

Plaintiff, and he was responsible for the day-to-day operations of HomeBanc. The Complaint

further alleges that Flood interviewed, hired, and trained other employees in Florida and provided

specific directions to them via monthly "All Hands Calls."  The Complaint goes on to allege that Gannon regularly worked over forty hours a week without being compensated at the rate of one and one-half times her regular pay and that Flood did not maintain or preserve records of the overtime.  Flood's affidavit indicates, and Plaintiff does not contest, that he has lived and worked in Atlanta, Georgia for over twenty years and performed most of his duties for HomeBanc from its corporate headquarters in Atlanta.  The affidavit goes on to state that Flood has never maintained an office, had a mailing address, post office box, or telephone listing, owned or rented a home, had any personal pay accounts, or been required to pay state or local taxes in Florida.  For the reasons discussed below, the Court finds that it does not have personal jurisdiction over Defendant and thus the case must be dismissed.

## II.  DISCUSSION

In his Motion to Dismiss, Defendant Flood argues that he lacks the requisite minimum contacts under Florida's long-arm statue and the Fourteenth Amendment's Due Process clause for there to be personal jurisdiction over him.  Flood argues that his employment as HomeBanc's Chairman and CEO is not sufficient to establish jurisdiction, as corporate directors are not subject to Florida jurisdiction for acts performed while conducting business in Florida on behalf of the corporation.  In Response, Plaintiff argues that Flood does have sufficient minimum contacts, "specifically in his role as Plaintiff['s] employer" and that as the FLSA confers jurisdiction over employers, the Florida Long Arm Statue is not relevant.

However, the Florida Long Arm Statue *is* relevant.  Jurisdiction in this case is premised on a federal question arising under a statute, the FLSA, that is silent as to service of process.  See e.g., Lovett v. Sanderson, 184 F.3d 819, *1 (5th Cir. 1999) (citing 29 U.S.C. § 216; Aviles v.

2

Kunkle, 978 F.2d 201, 203-04 (5th Cir. 1992)).  Therefore, Rule 4(e) of the Federal Rules of

Civil Procedure indicates that the state long-arm statute is to be looked at to determine personal

jurisdiction.  Sculptchair, Inc. v. Century Arts, 94 F.3d 623, 626-27 (11th Cir. 1996);

Cable/Home Comm'n v. Network Prod's, 902 F.2d 829, 855 (11th Cir. 1990).  The Florida long-

arm statute, Fla. Stat. § 48.193, is governed by Florida law, thus this Court is bound to construe it

as would the Florida Supreme Court.  Sculptchair, 94 F.3d at 627 (citing Cable/Home Comm'n,

902 F.2d at 856).

**A.  Standard of Review**

The determination of personal jurisdiction over a nonresident defendant under Florida

law requires a two-part analysis.  Id. at 626.  First the court must determine whether the Florida

long-arm statute provides a basis for personal jurisdiction.  Id.  If so, the court must then go on to

determine "whether sufficient minimum contacts exist between the defendants and the forum

state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due

Process Clause of the Fourteenth Amendment."  Id. (quoting Robinson v. Giarmarco & Bill, P.C.,

74 F.3d 253, 256 (11th Cir. 1996)); see also, Sea Lift, Inc. v. Refinadora Costarricense

DePetroleo, S.A., 792 F.2d 989, 992 (11th Cir. 1986) (quoting Int'l Shoe Co. v Washington, 326

U.S. 310, 316 (1945)).

Under Florida law, a plaintiff must first establish a *prima facie* case of personal

jurisdiction over a nonresident defendant.  Madara v. Hall, 916 F.2d 1510 (11th Cir. 1990).  "A

prima facie case is established if the plaintiff presents enough evidence to withstand a motion for

directed verdict."  Id.  The Court must accept the allegations of the complaint as true, so long as

they are not controverted by the defendant's affidavits.  Id.  However, when jurisdiction has been

challenged by affidavit or other competent evidence, the plaintiff must sustain its claim by

affidavit or other proof and not by mere reiteration of the allegations of the complaint.  Dublin v.

Peninsular Supply Co., 309 So. 2d 207, 208-09 (Fla. 4th DCA 1975).  If the allegations are

contested and the affidavits are conflicting the district court should construe all reasonable

inferences in favor of the plaintiff.  Abramson v. Walt Disney Co., 132 Fed. Appx. 273, 275

(11th Cir. 2005).

**B. Jurisdiction Under Florida's Long-Arm Statute**

Subsection (1) of Florida's long arm statute provides that specific jurisdiction[1] "exists

'when a state exercises personal jurisdiction over a defendant in a suit arising out of or related to

defendant's contacts with the forum.'"  American Overseas Marine v. Patterson, 632 So. 2d

1124, 1127 (Fla. 1st DCA) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466

U.S. 408, 411 n.1 (1984)).  This subsection provides for jurisdiction over:

(1) Any person, whether or not a citizen or resident of this state, who personally or

through an agent does any of the acts enumerated in this subsection thereby submits

himself or herself . . . to the jurisdiction of the courts of this state for any cause of action

arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business

---

[1]Plaintiff, though disputing that the long-arm statute applies, contends that her claim "arises directly out of Mr. Flood's employment practices having a substantial connection with the forum State of Florida."  Plaintiff's Response, p. 12.  Thus, Plaintiff appears to be arguing for specific, not general jurisdiction.  (Fla. Stat. § 48.193(2) provides for general jurisdiction over any defendant "engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise. . . whether or not the claim arises from that activity").  Regardless, as discussed, the Corporate Shield Doctrine would bar the exercise of personal jurisdiction over Defendant, as all of the actions alleged by Plaintiff to have occurred in Florida were on behalf of HomeBanc.  See Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993) (describing the rationale behind the Corporate Shield Doctrine).

4

venture in this state or having an office or agency in this state.[2]

Fla. Stat. § 48.193(1).

In the instant case, "Plaintiff seeks to invoke long-arm jurisdiction over [the Defendant] simply by the fact that [he was] employed by a corporate defendant that is subject to jurisdiction for doing business in Florida." Bloom v. A.H. Pond Co., Inc., 519 F. Supp. 1162, 1170 (S.D. Fla. 1981). However, "[w]hile a corporation may itself be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as to be individually subject to the state's long-arm statute." Sculptchair, 94 F.3d at 629 (citing Excel Handbag Co. v. Edison Bros. Stores, 428 So. 2d 348, 350 (Fla. 3rd DCA 1983)); see also, Bloom, 519 F. Supp. at 1170; Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993); Oesterle v. Farish, 887 So. 2d 412, 415 (Fla. 4th DCA 2004). The rationale behind this Corporate Shield Doctrine is that it would be "unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." Thompson, 620 So. 2d at 1006.

---

[2]Plaintiff argues that the Florida long-arm statute is not relevant in the above-styled action, therefore she made no argument as to what subsection of the long-arm statute would apply. However, based on Plaintiff's arguments as to Defendant's activities as Chairman and CEO, along with Defendant's arguments based on this section, and the apparent lack of applicability of any other section, it is the provisions of this section that are examined for purposes of this Motion. The Court further notes that failure to pay overtime is not a tortious act, thus Fla. Stat. § 48.193(1), section (b) "Committing a tortious act within this state" would also not apply. See Parker v. King, 935 F.2d 1174, 1178 (11th Cir. 1991) (claims for violations of the FLSA do not sound in tort as they fall within provisions of the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), which gives the district courts original jurisdiction, concurrent with that of the Claims Court, over non-tort statutory civil actions against the United States for claims which do not exceed $10,000 in amount); Lane v. Capital Acquisitions & Mgmt. Co., 2006 WL 4590705 (Apr. 14, 2006).

As presented by both parties, Defendant Flood's acts in Florida were solely in his corporate capacity for HomeBanc.  Thus, Defendant Flood is not individually subject to the Florida long-arm statute.  See Sculptchair, 94 F.3d at 629 (holding that two defendants not subject to jurisdiction under Florida long-arm statute for "their strictly corporate acts."); Lane v. Capital Acquisitions & Mgmt. Co., 2006 WL 4590705 (Apr. 14, 2006) (dismissing FLSA claims against defendants as the actions were only alleged to have been taken in the course of their corporate duties).  Plaintiff's arguments center solely on Defendant Flood's activities for HomeBanc and she also points out that Flood has previously been sued in Florida, including the Southern District, for FLSA violations.  However, Defendant Flood counters with the fact that he simply did not object to those previous suits as he was still employed by HomeBanc at the time and was a co-defendant with the corporation.[3]  Furthermore, pointing to these other cases does not establish jurisdiction in the present case.  Therefore, as discussed above, Plaintiff has failed to establish that there is personal jurisdiction over Defendant.

### III.  CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1)  Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [DE-12] is hereby **GRANTED**.

2) Pursuant to Federal Rules of Civil Procedure 12(b)(2), Plaintiff's Complaint is hereby

---

[3]On August 9, 2007, HomeBanc and related entities filed voluntary petitions for bankruptcy under Chapter 11 of Title 11 of the United States Code.  Defendant indicates that other FLSA cases in the Middle District of Florida have been stayed pending the bankruptcy proceedings.

**DISMISSED FOR LACK OF PERSONAL JURISDICTION**.

3)  The Clerk shall deny any pending motions as moot.

4)  The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of March, 2008.


WILLIAM P. DIMITROULEAS
United States District Judge


Copies furnished to:

Joseph G. Santoro, Esq.

John F. Mariani, Esq.

Marshall A. Adams, Esq.

Bernard M. Cassidy, Esq.

Nanette Piccolo, Esq.